**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

Case No. 2:26-cv-2814-SPC-KRH

MELISSA SIMS,

Plaintiff,

v.

PIERRE RICHARD A. JEAN, SHERIFF
KEVIN RAMBOSK, in his official capacity as
Sheriff of Collier County, Florida,

Defendants.
_______________________________________/

**DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT**

The Defendants, pursuant to Federal Rule of Civil Procedure 6(b), file this motion seeking a 21-day extension of time to respond to the Complaint. In support thereof, the Defendants state the following:

1. On October 16, 2026, Plaintiff, Melissa Sims, filed her Complaint against Defendants PIERRE RICHARD A. JEAN, in his individual capacity, and KEVIN RAMBOSK, the Sheriff of Collier County, Florida. The Complaint asserts the following claims: Count I - 42 U.S.C. § 1983 - Unreasonable Seizure (Jean); Count II – 42 U.S.C. § 1983 - Malicious Prosecution (Jean); and Count III - 42 U.S.C. § 1983 – Municipal Liability (Sheriff Rambosk). (DE 4).

2. The allegations in the Complaint arise from Plaintiff's January 2025 arrest and subsequent criminal prosecution relating to an alleged violation of a no-contact order.

3. Defendants were served with process on October 19, 2026. Accordingly, their response to the Complaint is currently due on November 9, 2026.

4. This matter was not assigned to undersigned counsel's firm until November 5, 2026. As of that date, undersigned counsel has not yet received or reviewed the relevant investigative or criminal records necessary to adequately evaluate the allegations and prepare a responsive pleading.

5. In addition, undersigned counsel has preexisting travel commitments and will be out of the country from November 6, 2026 through November 9, 2026.

6. Defendants respectfully request a twenty-one (21) day extension, through and including November 30, 2026, within which to respond to the Complaint.

7. This extension is not sought for the purpose of delay and is sought in good faith.

**WHEREFORE**, the Defendants respectfully request that the Court enter an Order extending the deadline for Defendants to respond to the Complaint through

and including November 30, 2026, and grant such other relief as the Court deems just and proper.

Further, and in support of the foregoing Motion, Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and incorporated herein by reference.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 6(b)(1)(A) governs the enlargement of time periods prescribed by the federal rules or by an order of the district court. Rule 6(b) provides in pertinent part:

> **(b) Extending Time.**
>
> **(1)** ***In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;

District courts enjoy broad discretion in deciding how best to manage the cases before them. *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997). Rule 6 should be applied liberally "to secure the just, speedy, and inexpensive determination of every action." District Courts possess broad discretion to manage their cases. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). This broad discretion encompasses the management of pre-trial activities. *Id.* (citing *Johnson v. Bd. of*

*Regents of Univ. Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)). Defendants seek relief before their current response deadline expires and have demonstrated good cause for the requested extension. Specifically, the matter was only recently assigned to undersigned counsel, additional time is required to obtain and review relevant records and information necessary to formulate a response to the Complaint, and undersigned counsel has prior travel commitments immediately preceding the current response deadline.

Accordingly, Defendants respectfully request that the Court grant the requested extension.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that attorney Christy Imparato conferred with counsel for Plaintiff regarding the relief requested in this Motion. Plaintiff does not oppose the requested extension.

Respectfully submitted,

*/s/ Andrew W. Jolly*
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an

electronic copy to: **ANTHONY F. SABATINI, ESQ.,** 1601 E. 1st Avenue, Mount Dora, FL 32757 (email: anthony@sabatinilegal.com), this 6th day of November, 2026.

***/s/ Andrew W. Jolly***
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone: (954) 462-3200
E-mail: Andrew@purdylaw.com
Cecilia@purdylaw.com

Attorney for *Defendants Pierre and Sheriff Rambosk.*